IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Helen J. Hopkins,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue,<br>Commissioner of Social Security,<br><br>    Defendant. | Civil Action No. 8:09-353-JFA-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

      This case is before the Court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

      The plaintiff, Helen J. Hopkins, brought this action pursuant to Section 205(g) of the Social Security Act, as amended, (42 U.S.C. Section 405(g)), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration regarding her claim for Disability Insurance Benefits ("DIB") under the Social Security Act.

## RELEVANT FACTS AND ADMINISTRATIVE PROCEEDINGS

      The plaintiff was 37 years of age on September 12, 2005, her alleged disability onset date, and 40 years old on the date of the Administrative Law Judge's (ALJ) decision. (R. at 51.) The plaintiff has an eleventh grade education. (R. at 67, 264.) She has past relevant work as a school bus driver, a cafeteria attendant, a game room attendant, and a housekeeper. (R. at 78, 297). She alleges she became disabled because of seizures.

      The plaintiff applied for disability insurance benefits in January 2006. (R. at 51-55.) Her application was denied initially and upon reconsideration. (R. at 29, 39-44).[2] Following an administrative hearing on August 15, 2008 (R. at 260-300), the ALJ issued an

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

[2] The Transcript does not contain the Commissioner's decision on reconsideration.

unfavorable decision finding plaintiff was not disabled because she could perform jobs existing in the national economy in significant numbers. (R. at 9-20). The Appeals Council denied the plaintiff's request for review of the hearing decision, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (R. at 4-6.)

The ALJ made the following findings:

1. The claimant met the disability insured status requirements of the Act on September 12, 2005, the date she alleged disability commenced, and continued [to] meet them through at least the date of this decision. It is presumed that the claimant meets the non-disability requirements of Title XVI for purposes of this decision.

2. The claimant has not engaged in substantial gainful activity at any time relevant to this decision.

3. The medical evidence establishes that the claimant [has] seizure disorder, which is a "severe" impairment within the regulatory definition, but she has not established an impairment or combination of impairments which meets or is medically equivalent to any of the impairments listed in, Appendix 1 to Subpart P of Social Security Regulations No. 4.

4. For the reasons explained in the body of this decision, the testimony regarding the severity of the claimant's impairments and resulting functional limitations was not persuasive.

5. The claimant retains the residual functional capacity to perform "medium" "unskilled" work with no climbing, balancing or exposure to hazards such as unprotected heights and dangerous equipment.

6. The claimant has past relevant work experience as a school bus driver, cafeteria attendant, game room attendant, and as a housekeeper. The claimant's jobs as cafeteria attendant, game room attendant, and housekeeper were "unskilled," "light" work, and her job as a school bus driver was "semi-skilled," "medium" work.

7. Credible vocational expert testimony establishes that the claimant could have returned to her past relevant work as game room attendant or as a housekeeper, and that there are a significant number of other "sedentary," "light," and "medium" "unskilled" jobs in the national economy, with the additional limitations noted above, which the claimant can perform.

8. Given the claimant's age, education, past vocational experience, residual functional capacity for unskilled work, [her] non-exertional limitations, and considering the testimony of the vocational expert, Rules 203.25 and 203.26 of the Medical-Vocational Guidelines, provides a framework for finding that [t]he claimant is not "disabled" within the meaning of the Social Security Act.

9. The claimant was not under a disability as defined in the Social Security Act, at any time through the date of this decision.

**APPLICABLE LAW**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. §423(a). "Disability" is defined in 42 U.S.C. §423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

42 U.S.C. §423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment. *See* 20 C.F.R. §404.1520. If an individual is found not disabled at any step, further inquiry is unnecessary. *See Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. Social Security Ruling ("SSR") 82–62. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. §423(d)(5). He must make a prima facie showing of disability by showing he is unable to return to his past relevant work. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may

3

carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. *Id.*

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. *Richardson v. Perales*, 402 U.S. 389 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "supported by substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966). Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion is rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## **DISCUSSION**

The plaintiff, proceeding *pro se*, filed a one page brief stating she cannot work because of seizures. She has not, however, cited any specific objection to, or any error in, the ALJ's written decision. Instead, she contends that her "hea[l]th condition has worsen

4

[sic] a lot more now than it were when I filed for disability before." (Pl. Brief at 1.) The Court cannot consider any new evidence of disability, however.

Title 42 of the United States Code provides that a district court "may, . . . at any time order additional evidence to be taken before the Commissioner of Social Security" where there has been a showing that the "new evidence" is material and that there exists good cause for the party's failure to incorporate the evidence in a prior proceeding. 42 U.S.C.A. § 405(g). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Wilkins v. Secretary, Dep't of Health & Human Services*, 953 F.2d 93, 96 (4th Cir.1991). Critically, however, the new and material evidence must relate to the period on or before the date of the ALJ decision in deciding whether to grant review." *Id.* at 95; *see also Gilroy v. Astrue*, 2009 WL 3720580, at *2 (3rd Cir. November 09, 2009) ("An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition."). As a result, the plaintiff's contention that her impairment has become worse since her filing for disability is, one, more properly considered in the context of a new application for disability. *See Gilroy*, 2009 WL 3720580 at *2.

The Court does not arrive at this conclusion lightly. The plaintiff states that she is four years waiting on this decision and has no benefits or insurance. On a personal level, the undersigned is substantially sympathetic. No one disputes that the plaintiff has seizures to some problematic extent. Her physical limitations and the bureaucratic process of her administrative claims are no small burdens. Nonetheless, this Court is constrained by its standard of review to limit its consideration to simply whether the ALJ properly applied relevant law and whether the determination was supported by substantial evidence. A thorough review of the record suggests that he did and that it was. The plaintiff was adequately represented by counsel before the Commissioner and at the hearing. (R. at 260-300.) She points to nothing but a continued diminution in her condition. The law does

5

not make space for that type of argument before this Court, in the first instance. And, to the extent, she has meant to contest the ALJ's decision for the relevant time period, she simply has not done so. Unfortunately, her disagreement with the ALJ's decision, even if supported by evidence in her favor, is not sufficient to overcome that determination where substantial evidence exists for the ALJ's conclusion. *See Blalock*, 483 F.2d at 775. As recited, the ALJ had substantial evidence to conclude as he did and the Court will not disturb his decision.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, this Court concludes that the findings of the ALJ are supported by substantial evidence and recommends that the decision of the Commissioner be affirmed.

IT IS SO RECOMMENDED

s/Bruce Howe Hendricks
United States Magistrate Judge

March 3, 2010
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).