IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Helen J. Hopkins, | ) C/A No. 8:09-353-JFA-BHH |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| Michael J. Astrue, Commissioner of Social Security, | ) |
| Defendant. | ) |

The *pro se* plaintiff, Helen J. Hopkins,[1] brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for Disability Insurance Benefits (DIB) under the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383c.

The Magistrate Judge assigned to this action[2] has prepared a Report and Recommendation wherein she suggests that the Commissioner's decision to deny benefits should be affirmed.

The parties were advised of their right to submit objections to the Report and Recommendation which was filed on March 3, 2010, however, neither party filed objections.

---

[1] Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

PROCEDURAL HISTORY

The plaintiff applied for DIB in January 2006 alleging disability as of September 12, 2005 due to seizures. The plaintiff was 37 years old when she alleges she became disabled. The plaintiff has an eleventh grade education with past relevant work experience as a school bus driver, a cafeteria attendant, a game room attendant, and a housekeeper.

The plaintiff's DIB application was denied initially and on reconsideration. The Administrative Law Judge (ALJ) held a hearing on August 15, 2008 with plaintiff and her counsel present, and issued a decision on October 2, 2008, concluding that the claimant was not disabled. Once approved by the Appeals Council, the ALJ's decision became the final decision of the Commissioner. Plaintiff thereafter filed this action.

STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored "to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir.2002). Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive ..." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir.1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966)). In assessing whether there is substantial evidence, the reviewing

court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2004).

This determination of a claimant's disability status involves the following five-step inquiry: whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform [his or] her past relevant work; and (5) the claimant can perform other specified types of work. *Johnson v. Barnhart*, 434 F.3d 650, 654 n. 1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2005).)

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant

could perform. *See Walls*, 296 F.3d at 290.

This determination requires a consideration of "whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir.1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

*The ALJ's Findings*

In his decision of October 2, 2008, the ALJ followed the Commissioner's five-step sequential evaluation process (*see* 20 C.F.R. § 404.1520) and concluded that Plaintiff's impairments were not disabling. First, he found that plaintiff had not performed substantial gainful activity since the alleged onset date of disability. The ALJ determined that the plaintiff had a severe impairment (seizure disorder), but that the plaintiff did not establish an impairment or combination of impairments which meets or is medically equivalent to any of the impairments listed in Appendix 1 to subpart P of Social Security Regulations No. 4.

Next, the ALJ found that Plaintiff's subjective complaints of the severity of her impairments and functional limitations were not persuasive. The ALJ then found that plaintiff had the residual functional capacity (RFC) to perform "medium" "unskilled" work with no climbing, balancing or exposure to hazards such as unprotected heights and dangerous equipment. Finally, the ALJ determined, based on the vocational expert's credible testimony, that plaintiff could return to her past relevant work as a game room attendant or a housekeeper and that there are a significant number of other "sedentary," "light," and

"medium" "unskilled" jobs in the national economy, with the additional limitations noted, which the plaintiff could perform. Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

*The Plaintiff's Arguments*

The *pro se* plaintiff filed a one-page brief in this action stating that she could not work because of her seizures. In her brief, the plaintiff did not cite to any specific objections to or any error in the ALJ's decision. Moreover, she did not file objections to the Report of the Magistrate Judge.

*The Magistrate Judge's Report and Recommendation*

The Magistrate Judge suggests that there is substantial evidence that supports the Commissioner's decision that plaintiff was not disabled within the meaning of the Act. As the Magistrate Judge notes, this court is constrained by its standard of review to limit its consideration to simply whether the ALJ properly applied relevant law and whether the determination was supported by substantial evidence. If the record contains substantial evidence to support the decision, then this court is required to uphold the Commissioner's decision. *Richardson v. Perales,* 402 U.S. 389, 390, 401 (1971).

*The Commissioner's Arguments*

In its brief, the Commissioner concedes that the ALJ's finding that plaintiff could perform a range of "medium" work was in error, but was harmless. The ALJ found that the plaintiff could perform "medium exertion unskilled work with no climbing, balancing or exposure to hazards such as unprotected heights and dangerous equipment." The Vocational Expert (VE) testified that plaintiff could perform her unskilled "light" past work as a game

5

room attendant or housekeeper. Additionally, the state agency physician opined that plaintiff had the RFC to perform "light" work.

The Commissioner also concedes that the ALJ failed to discount the opinions and failed to explain how he came to his conclusion that the plaintiff could perform "medium" work. The Commissioner states that even had the ALJ determined the same RFC as the state agency physician, the ALJ would still have found plaintiff not disabled at both steps four and five. *Mickles v. Shalala*, 29 F.3d 918, 921 (affirming the denial of benefits where ALJ erred in evaluating a claimant's pain because "he would have reached the same result notwithstanding his initial error"). The Commissioner argues that plaintiff has not established that this alleged error affected the outcome of the case or changed the substance of the ALJ's decision in any manner.

## DISCUSSION

As noted previously, judicial review of a Social Security decision is narrowly tailored "to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). Here, the Commissioner concedes that he did not follow the proper procedure in making his RFC determination.

An RFC "is the most [a claimant] can still do despite [her] limitations" and is determined by assessing all of the relevant evidence in the case record. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In assessing RFC, an ALJ should scrutinize "all of the relevant medical and other evidence." See 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Social Security Ruling 96-8p requires an ALJ to reference the evidence supporting his or her

conclusions with respect to a claimant's RFC:

> The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis.... Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy....
>
> The RFC assessment must address both the remaining exertional and non-exertional capacities of the individual. Exertional capacity addresses an individual's limitations and restrictions of physical strength and finds the individual's remaining abilities to perform each of seven strength demands: sitting, standing, walking, lifting, carrying, pushing, and pulling. Each function must be considered separately (e.g., "the individual can walk for five out of eight hours and stand for six out of eight hours").
>
> The administrative law judge must explain how he arrived at these conclusions and failure to do so is in itself sufficient to warrant reversal of the administrative law judge's decision. See, SSR 96-8p at 7 ("RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts.").

The ALJ's failure to adequately explain his conclusion that the plaintiff could perform medium work prevents this court from determining whether the ALJ based his conclusion on substantial evidence. As such, the appropriate remedy in this case is to remand for further explanation of such conclusion.

CONCLUSION

After a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court concurs in part and rejects in part the Magistrate Judge's Report and Recommendation. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), it is ordered that the case be remanded to the Commissioner for further administrative action as set out herein.

IT IS SO ORDERED.

May 28, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge